IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
ALLAN P. CAPPS, BAR NO. 4939.

No. 81914

FILED

DEC 23 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF DISBARMENT

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that Allan P. Capps be suspended for five years and one day based on violations of RPC 1.15 (safekeeping property), RPC 8.1 (disciplinary matters), and RPC 8.4 (misconduct). Because no briefs have been filed, this matter stands submitted for decision based on the record. SCR 105(3)(b).

The State Bar has the burden of showing by clear and convincing evidence that Capps committed the violations charged. *In re Discipline of Drakulich*, 111 Nev. 1556, 1566, 908 P.2d 709, 715 (1995). Here, however, the facts and charges alleged in the complaint are deemed admitted because Capps failed to answer the complaint and a default was entered.[1] SCR 105(2). The record therefore establishes that Capps violated the above-referenced rules by misappropriating $183,976.01 in client funds and failing to respond to the State Bar's inquiries.

---

[1]Capps responded to the State Bar's initial inquiry and stated that all client funds were kept safe. He then failed to respond to any of the State Bar's following inquiries. The complaint and the notice of intent to take a default were served on Capps via mail at his SCR 79 address and a second address and via email at his SCR 79 email address and a second email address. Personal service was also attempted on Capps three times, and despite the fact a neighbor confirmed the address was accurate and the service provider could hear a person quieting a barking dog inside the residence, there was no answer at the door.

SUPREME COURT
OF
NEVADA

(O) 1947A

20-46370

Turning to the appropriate discipline, we review the hearing panel's recommendation de novo. SCR 105(3)(b). Although we "must . . . exercise independent judgment," the panel's recommendation is persuasive. *In re Discipline of Schaefer*, 117 Nev. 496, 515, 25 P.3d 191, 204 (2001). In determining the appropriate discipline, we weigh four factors: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008).

Capps violated duties owed to his clients (safekeeping property), the profession (failure to respond to lawful requests for information by a disciplinary authority), and the public (misconduct). Capps' mental state appears to have been intentional or knowing as he made false statements to the State Bar regarding client funds. His misconduct harmed his clients by causing them financial loss. Capps' failure to cooperate with the disciplinary investigation harmed the integrity of the profession, which depends on a self-regulating disciplinary system.

The baseline sanction for Capps' misconduct, before consideration of aggravating and mitigating circumstances, is disbarment. *See* Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards*, Standard 4.11 (Am. Bar Ass'n 2017) (recommending disbarment when "a lawyer knowingly converts client property and causes injury or potential injury to a client"). The panel found and the record supports six aggravating circumstances (dishonest or selfish motive, pattern of misconduct, multiple offenses, refusal to acknowledge the wrongful nature of the conduct, substantial experience in the practice of law, and misconduct amounting to illegal conduct) and one mitigating circumstance (absence of prior discipline). Considering all the factors,

SUPREME COURT
OF
NEVADA

(O) 1947A

2

including the balance of aggravating and mitigating circumstances and the scope of the misconduct, we conclude they do not support the recommended downward deviation from the baseline sanction of disbarment. *See State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988) (observing the purpose of attorney discipline is to protect the public, the courts, and the legal profession).

Accordingly, we hereby disbar attorney Allan P. Capps from the practice of law in Nevada. Such disbarment is irrevocable. SCR 102(1). Capps shall pay the costs of the disciplinary proceedings, including $3,000 under SCR 120, within 30 days from the date of this order.

It is so ORDERED.

_____, C.J.
Pickering

_____, J.          _____, J.
Gibbons                          Hardesty

_____, J.          _____, J.
Parraguirre                      Stiglich

_____, J.          _____, J.
Cadish                           Silver

cc:   Chair, Southern Nevada Disciplinary Board
      Allan P. Capps
      Bar Counsel, State Bar of Nevada
      Executive Director, State Bar of Nevada
      Admissions Office, U.S. Supreme Court